UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JACQUELINE J. AGEE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PAIGE N. HICKENBOTTOM, et al.,<br><br>  Defendants. | Case No. 2:23-CV-404-GSL-AZ |

## **OPINION AND ORDER**

Plaintiffs, a mother and son, bring suit against Defendants, who are police officers for St. John, Indiana, for claims of malicious prosecution and false arrest. [DE 1]. For the reasons below, Defendants' Motion to Dismiss [DE 12] is GRANTED.

## **BACKGROUND**

At the time of the events alleged in the Complaint, Defendants Hickenbottom, Jacobs, and Stickle were law enforcement officers employed by St. John, and were acting pursuant to that office and under color of state law. [DE 1, Page 3:11-16]. On November 22, 2022, Defendants were dispatched to investigate a complaint that someone had pointed a weapon at a group of students. [DE 1, Page 4:22-23]. The Defendants were informed by dispatch "…the mother that lives at the offending address advised it was an air rifle." [DE 1, Page 4:23].

The parents of one student who witnessed the events told Defendant Stickle that the person pointed what turned out to be an air rifle and was a male, twenty to twenty-five years old. [DE 1, Page 5:24]. Defendants Hickenbottom and Jacobs interviewed another student, who told them that a male pointed what he believed to be a BB gun at him and three others, but he could not provide a further description. [DE 1, Page 5:29-30]. The father of two other students told

Defendants Jacobs, Stickle, and Hickenbottom that the "older boy" at Plaintiff's residence pointed "what looked like a gun at" the students. [DE 1, Page 6:33].

Defendants Jacobs, Stickle, and Hickenbottom then responded to Plaintiffs' residence. [DE 1, Page 6:35]. Defendants questioned Plaintiff John Agee ("Plaintiff John"), a minor at the time, without the consent of his mother, Plaintiff Jacqueline Agee ("Plaintiff Jacqueline").[1] [DE 1, Page 8:43]. [DE 1, Page 8:43]. John admitted to working on his airsoft gun and looking at targets in the backyard, but denied the other allegations. [DE 1, Page 8]. The Defendants cleared the scene without issuing a citation. [DE 1, Page 8:46-50].

Later, Defendant Stickle mailed Plaintiff Jacqueline an ordinance violation stating that, on November 22, 2022, Plaintiff Jacqueline knowingly permitted Plaintiff John to discharge a pellet gun in St. John town limits. [DE 1, Page 9:53]. Because of the proceedings initiated by Defendants, Plaintiff Jacqueline retained counsel. [DE 1, Page 10:59]. On or about August 31, 2023, Plaintiff Jacqueline's ordinance violation was dismissed with prejudice. [DE 1, Page 10:61].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, pled facts must be construed in favor of the plaintiff. *Carter v. Sturgeon*, 643 F. Supp. 3d 862, 865-866 (N. D. Ind.

---

[1] The Court recognizes the serious nature of an allegation that a minor was questioned without parental consent. In this matter, Plaintiff John did not confess to any crime, nor was he ever charged with one.

2022) (citing *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995)). Although the court accepts "the well-pleaded facts in the complaint as true, legal conclusions and conclusory allegations ... are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

## DISCUSSION

### I. False Arrest

In their Complaint, Plaintiffs alleged that they were arrested without probable cause while being questioned by Defendants. [DE 1]. To state a false arrest claim under § 1983, a Plaintiff must show that he was arrested without probable cause. *Gaddis v. Demattei*, 30 F.4th 625, 630-631 (7th Cir. 2022). Probable cause does not require certainty. It is a "fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015) (citing *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006)). An officer has probable cause when, "at the time of the arrest, the facts and circumstances within the defendant's knowledge 'are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ... an offense.'" *Madero v. McGuinness,* 97 F.4th 516, 522 (7th Cir. 2024) (quoting *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008)).

Plaintiffs' false arrest claim fails for several reasons. First, Plaintiffs have not sufficiently alleged that they were arrested. Plaintiffs alleged "the interaction by the officers was not brief nor was it a detention," [DE 1, Page 7] and that "as alleged above, Plaintiffs were under arrest by Defendant[s]." [DE 1, Page 14]. Mere legal conclusions, as the Supreme Court has underscored, are "not entitled to be assumed true" at the pleading stage. *Ashcroft*, 556 U.S. 662, 681. Plaintiffs alleged that Defendants were uniformed, arrived in marked patrol cars, and parked their cars in

such a way to block Plaintiffs' ability to leave. [DE 1, Page 7]. However, in *Askew*, the Seventh Circuit found that surrounding a suspect's car to prevent him from leaving did not convert an investigatory stop, which does not require probable cause, into an arrest, which would. *United States v. Askew*, 403 F.3d 496, 508-09 (7th Cir. 2005). Plaintiffs alleged that Defendant Jacobs ordered Defendant Stickle to stay with Plaintiffs when he and Defendant Hickenbottom left, but this allegation too is insufficient. [DE 1, Page 7]. Leaving a handcuffed suspect alone with an officer does not convert an investigatory stop into an arrest, and here, neither Plaintiff was ever handcuffed. *United States v. Smith*, 697 F.3d 625, 632 (7th Cir. 2012). Plaintiffs also allege that "the cover sheet of the Probable Cause Affidavit states, 'Arresting Agency,' 'Arresting Officer,' 'Date of Arrest,' and 'Place of Arrest.'" [DE 1, Page 7]. This Court is not aware of any caselaw supporting the proposition that the presence of a standard form with the word "arrest" on it creates custodial arrest. Plaintiffs have not sufficiently alleged they were arrested, and as a result, they do not have a false arrest claim.

However, even if Plaintiffs had sufficiently alleged they were arrested, Defendants had probable cause to do so. Here, Defendants received reports that someone pointed a firearm at students in the middle of the afternoon. [DE 1, Page 4]. Defendants questioned three sets of witnesses who each corroborated the initial reports. [DE 1, Pages 4-5]. In two of the interviews Plaintiff's residence was identified as the home where the person with the firearm was. *Id.* Defendants continued their investigation after speaking with the witnesses and questioned the residents of the home where the students reported the person with the firearm was, which were the Plaintiffs. [DE 1, Pages 4-6]. These facts would "warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed ...

4

an offense.'" Even if Plaintiffs were arrested, which they were not, Defendants had probable cause to do so.

Finally, Plaintiffs' own allegations and descriptions of their "arrests" seem more akin, but not exactly analogous, to an investigatory stop, which would only require reasonable suspicion, not probable cause. Police officers may carry out an investigatory, or *Terry*, stop when they "have a reasonable suspicion, grounded in specific and articulable facts" that an individual has committed a felony or is about to commit a crime. *Terry v. Ohio*, 392 U.S. 1, 21-27 (1968). The reasonable suspicion standard is a lower bar than the probable cause standard necessary for an arrest, but police cannot detain a person for questioning based on only a hunch. *Terry*, 392 U.S. 1, 22. Here again, after interviewing the students and parents who witnessed the events, Defendants had, at a minimum, "reasonable suspicion, grounded in specific and articulable facts" that a crime already had or was going to be committed by the residents of the house where the students said the person with the gun was. [DE 1, Pages 5-6]. For all these reasons, Defendants' Motion to Dismiss on the false arrest claim is GRANTED.

## II.     Malicious Prosecution

Plaintiff John does not allege he was ever indicted, ticketed, charged, or arrested, so he does not have a malicious prosecution claim. Plaintiff Jacqueline alleged she was maliciously prosecuted when Defendants issued her a civil ordinance violation for allowing Plaintiff John to discharge a pellet gun within town limits. A federal malicious prosecution claim is not actionable if there is an adequate state-law remedy, but here, where the Indiana Tort Claims Act immunizes governmental entities and their employees from malicious-prosecution suits, there is no adequate state law remedy and Plaintiffs are entitled to bring their federal claim. *See Julian v. Hanna*, 732 F.3d 842, 845-49 (7th Cir. 2013). In *Avila*, the Seventh Circuit found that although "malicious

prosecution does not violate the Constitution's due process clauses[,] [t]here might be a problem under the Fourth Amendment if a person is arrested without probable cause." *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). The court went on, "but when the suit is directed against the prosecution itself, rather than any attendant custody, there is no constitutional wrong." *King v. City of Indianapolis*, 969 F. Supp. 2d 1085, 1095 (7th Cir. 2013) (quoting *Avila* 591 F.3d 552, 553)). This is because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause." *See Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011)*;* s*ee also Albright v. Oliver*, 510 U.S. 266 (1994).

The constitutional violation alleged in a Fourth Amendment malicious prosecution claim is a type of unreasonable seizure—an arrest and detention of a person based on a criminal charge lacking probable cause. *Chiaverini v. City of Napoleon*, 144 S. Ct. 1745, 1750 (7th Cir. 2024). Recent Supreme Court cases reiterate the arrest and detention requirements of malicious prosecution claims. *See Chiaverini*, 144 S. Ct. 1745, 1750 (malicious prosecution claims under the Fourth Amendment require both the initiation of charges without probable cause and that those charges lead to seizure); *see also Thompson v. Clark*, 142 S. Ct. 1332, 1337 n.2 (2022) (malicious prosecution claims under the Fourth Amendment require Plaintiff to show that the malicious prosecution resulted in a seizure).

As discussed at length in the previous section, Plaintiff Jacqueline has not sufficiently alleged she was arrested. Mere legal conclusions, like "the interaction by the officers was not brief nor was it a detention," [DE 1, Page 7], are "not entitled to be assumed true" at the pleading stage. *Ashcroft*, 556 U.S. 662, 681. Defendants positioning their vehicles to allegedly block Plaintiffs' ability to leave does not convert an investigatory stop, which does not require probable cause, into an arrest, which would. *Askew*, 403 F.3d 496, 508-09. Plaintiffs alleged that

6

Defendant Jacobs ordered Defendant Stickle to stay with Plaintiffs when he and Defendant Hickenbottom left, but this allegation too is insufficient, because leaving a handcuffed suspect alone with an officer a does not convert an investigatory stop into an arrest. *United States v. Smith*, 697 F.3d 625, 632 (7th Cir. 2012). Here, neither Plaintiff was ever handcuffed. Plaintiffs also allege that "the cover sheet of the Probable Cause Affidavit states, 'Arresting Agency,' 'Arresting Officer,' Date of Arrest,' and 'Place of Arrest,'" but without more, this does nothing to further Plaintiff Jaqueline's claim that Plaintiffs were arrested. Because Plaintiff Jacqueline was not arrested, she does not have a claim of false arrest.

Assuming arguendo that Plaintiff Jacqueline had sufficiently alleged she was arrested, her Fourth Amendment malicious prosecution claim still fails. To state a federal malicious prosecution claim under § 1983, a plaintiff must demonstrate that (1) he has satisfied the elements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014) (citing *Reed v. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996)). Under Indiana law, "the elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor." *Crosson v. Berry*, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005).

A failure to satisfy any one of those elements is fatal to a malicious prosecution claim. Here, Plaintiffs have only alleged they had to hire legal counsel as result of the charges brought against Plaintiff Jacqueline. [DE 1, Page 10]. This Court is unaware of any caselaw holding that the expense of retaining a criminal-defense lawyer infringes a "fundamental" right or is a

7

deprivation of liberty. *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010). Deprivations of liberty do not include court appearances, regardless of whether the outcome was favorable to the Plaintiff. *Alexander v. McKinney*, 692 F.3d 553, 557 n.2 (7th Cir. 2012). Plaintiff Jacqueline suffered no actionable deprivation of liberty, so she cannot satisfy the final element of the claim, and as a result, her malicious prosecution claim under the Fourth Amendment fails.

As for Plaintiff Jacqueline's malicious prosecution claim under the Fourteenth Amendment, this claim fares no better. Malicious prosecution claims under the Fourteenth Amendment arise when plaintiff is seized after conviction. *Jones v. York*, 34 F.4th 550, 564 (7th Cir. 2022). Whether the Fourteenth Amendment's procedural due process component ensures a right to be free from malicious prosecution is an open question. *Jones*, 34 F.4th 550, 564 (citing *Thompson*, 142 S. Ct. at 1337 n.2). Assuming that Plaintiff is entitled to pursue such a claim, Plaintiff's malicious prosecution claim under Fourteenth Amendment fails for the same two reasons as above: Plaintiffs have not sufficiently alleged they were arrested post-conviction, nor did they suffer an actionable deprivation of liberty, so they cannot satisfy all elements of their claim. Plaintiffs' malicious prosecution claim under the Fourteenth Amendment also fails. Defendants' Motion to Dismiss on the malicious prosecutions claims is GRANTED.

### III.   Abuse of Process

The first time Plaintiffs reference, argue, or even allege their abuse of process claim is in their Opposition to Defendants' Motion to Dismiss [DE 25]. Plaintiffs assert that the "Court should permit Count I to proceed under the legal theory of abuse of process because the same logic applies to abuse of process claims as to malicious prosecution claims…" [DE 25, Page 13]. This argument holds no weight.

A plaintiff may not "defend a motion to dismiss by pleading new facts in his response to the motion." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Furthermore, a plaintiff may not amend their complaint by raising entirely new claims in response to a motion to dismiss. *Reiter v. Noel*, 2023 U.S. Dist. LEXIS 140225, *18 (S.D. Ind. Aug. 11, 2023); *see Wooley v. Jackson Hewitt, Inc*., 540 F. Supp. 2d 964, 972 (N.D. Ill. 2008) ("Plaintiff cannot amend his complaint by raising new claims in response to the motion to dismiss"). The Court agrees with Plaintiffs that "[u]nder Indiana law, claims for malicious prosecution and abuse of process are based on similar, yet separate, legal theories." [DE 25, Page 13]. Because Plaintiffs did not allege an abuse of process claim in their complaint and only raised it in response to Defendants' Motion to Dismiss, they did not state an abuse of process claim.[2]

## IV.   Monell Claim

In two sentences, Plaintiffs seem to attempt a *Monell* claim and allege that Defendants were not properly trained and that the Town of St. John failed to develop appropriate policies and procedures to ensure Defendants' compliance with federal law and the Constitution. [DE 1, Page 12:70-71]; *see Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). There can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights." *Houskins v. Sheahan*, 549 F.3d 480, 493-494 (7th Cir. 2008); *see King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007) (It is well established that there can be no municipal liability based on an official policy

---

[2] The Court also notes that it appears unsettled in this Circuit whether abuse of process is a cognizable claim under Section 1983. *Painter v. Gray*, 2022 U.S. Dist. LEXIS 18713, *5-6 (S.D. Ind. Feb. 2, 2022); *Hart v. Mannina*, 798 F.3d 578 (7th Cir. 2015); *Miller v. Schrader,* 2010 U.S. Dist. LEXIS 115547, *20 (N.D. Ind. Oct. 27, 2010); *Adams v. Rotkvich*, 325 Fed. App'x 450, 453 (7th Cir. 2009).

under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights"); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006) (finding that a municipality defendant cannot be liable under *Monell* for a policy or custom of inadequately training and supervising its police officers, unless the defendant violated a constitutional guarantee); *Aguilera v. Baca*, 510 F.3d 1161, 1167, 1174 (9th Cir. 2007) (noting that if no constitutional violation occurred, the court need not consider qualified immunity or a claim brought pursuant to *Monell*). Here, Plaintiffs' constitutional claims fail. As a result, Plaintiffs' *Monell* claim fails as well.

## V.    Failure to Intervene

"In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation ..." *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (quoting *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005)). Plaintiffs have failed to adequately allege an underlying constitutional violation here. As a result, the derivative claim of a failure to intervene during the false arrest is dismissed. *Rosado*, 832 F.3d 714, 718.

## VI.    Qualified Immunity

As noted previously, Plaintiff did not suffer a constitutional violation, and therefore, an analysis of whether Defendants are entitled to qualified immunity is moot.

## VII.    Indemnification

Because Plaintiffs' claims against Defendants have been dismissed, there is nothing to indemnify Plaintiffs for, so the indemnification claim is dismissed as well.

## **CONCLUSION**

The Court hereby GRANTS the Defendants' Motion to Dismiss [DE 12]. The Court DIRECTS the Clerk of Court to enter judgment against the Plaintiffs and in favor of the Defendants. The Plaintiffs take nothing by their Complaint.

SO ORDERED.

ENTERED: August 16, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court